

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:12CR00066 |
| | ) (CASE NO. 7:16CV81183) |
| v. | ) MEMORANDUM OPINION |
| SELVIN DARIO NAJERA, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Selvin Dario Najera, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and court records, however, the court concludes that the § 2255 motion must be dismissed without prejudice, construed as a motion for reduction of sentence under 18 U.S.C. § 3582, and denied.

Najera was convicted after a jury trial of conspiring to distribute or possess with intent to distribute 500 grams or more of methamphetamine. For this offense, on January 16, 2014, the court sentenced him to 235 months in prison. That judgment was affirmed on appeal in December 2014, and Najera did not file a petition for a writ of certiorari in the United States Supreme Court.

Najera has now filed a § 2255 motion, requesting a reduction in his sentence based on his allegedly minor role in the conspiracy. Specifically, he argues that he is entitled to a minor role reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Najera also cites United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to defendant who had argued at sentencing, prior to the amendment, for minor role reduction).

Amendment 794 amended § 3B1.2 of the United States Sentencing Guidelines ("USSG") and took effect on November 1, 2015. See id. at 521. This amendment issued after Najera's conviction became final in March 2015, when his opportunity to file for certiorari expired. See United States v. Clay, 537 U.S. 522, 525 (2003). In general, the court is required to use the guidelines manual in effect on the date a defendant is sentenced. See Dorsey v. United States, __U.S.__, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The United States Sentencing Commission did not make Amendment 794 retroactive to all cases. See USSG. § 1B1.10(d) (2015) (listing retroactive guideline amendments).

Although Najera asserts his motion under § 2255, he is not entitled to relief under this statute. He is not arguing that his sentence was illegal when imposed, that it was imposed in violation of United States law, or that any other defects cognizable under § 2255(a) are present in her case. See, e.g., Hamilton v. United States, 67 F.3d 761, 763 (9th Cir. 1995) (holding that § 2255 claim can be based only on a claim of lack of jurisdiction, constitutional error, an error resulting in "a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure") (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)). Instead, Najera is arguing to receive the retroactive benefit of an amendment that issued after he was sentenced. This type of claim must be brought as a motion under 18 U.S.C. § 3582, not as a § 2255 motion. Therefore, the court will summarily dismiss Najera's § 2255 motion without prejudice.

Because Najera is proceeding without counsel, the court liberally construes his submission as a motion seeking reduction under 18 U.S.C. § 3582(c). A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible

for a reduction under § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B 1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a <u>retroactively applicable</u> Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B 1.10(a)(2)(B). Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is thus not retroactively applicable, Najera's request for a reduction under § 3582(c)(2) pursuant to this amendment has no legal validity and must be denied. A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to defendant.

ENTER: This 1st day of September, 2016.

_____
Chief United States District Judge

3